Cory R. Gangle, Esq.
State Bar No. 7005
GANGLE LAW FIRM, PC
P.O. Box 16356
Missoula, Montana 59808
Office: (406) 273-4304
Fax:     (406) 437-9115
Email:  cory@ganglelaw.net

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| ROB LABAIR and HOLLY LABAIR, | ) | **CAUSE NO. _____** |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT, REQUEST** |
| | ) | **FOR DECLARATORY** |
| v. | ) | **JUDGMENT, AND JURY** |
| | ) | **DEMAND** |
| EVERGREEN RECREATIONAL | ) | |
| VEHICLES, LLC, and BLUE DOG | ) | |
| RV, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs allege as follows:

1.      Plaintiff Rob LaBair is a resident of Missoula County, Montana.

2.      Plaintiff Holly LaBair is a resident of Missoula County, Montana.

3.      To the best of Plaintiffs' knowledge, Defendant Evergreen Recreational Vehicles, LLC is a Limited Liability Company registered in the State of Indiana.

4.      Defendant Evergreen Recreational Vehicles, LLC transacts business within the State of Montana.

5.      To the best of Plaintiffs' knowledge, Defendant Blue Dog RV, LLC is a Limited Liability Company registered in the State of Idaho.

6.      Defendant Blue Dog RV, LLC transacts business within the State of Montana.

## Jurisdiction and Venue

7.      This Court has jurisdiction over all allegations raised in this Complaint under Article III of the United States Constitution.

8.      This Court has jurisdiction over this matter because the amount in controversy exceeds $75,000.

## General Allegations

9.      Plaintiff's re-allege Paragraphs 1-8 above.

10.      On October 19, 2014, Plaintiffs purchased a new Bay Hill recreational vehicle from Blue Dog, RV, VIN No. 5ZWFB1E22F1002096 for the sum total of $66,555.89.

COMPLAINT, REQUEST FOR DECLARATORY
JUDGMENT, AND JURY DEMAND                                    P a g e | **2**

11.    To the best of Plaintiffs' knowledge, Defendant Evergreen RV, LLC manufactured the recreational vehicle purchased by the Plaintiffs, and warranted it to be fit for a particular purpose.

12.    After Defendants delivered the recreational vehicle to the Plaintiffs, Plaintiffs began to experience problems with the vehicle.  These problems affected Plaintiffs ability to use the vehicle for its particular purpose.

13.    Immediately upon identifying problems with the vehicle Plaintiffs notified Defendants that they wanted to rescind the contract.

14.    Defendants advised Plaintiffs they would not accept a return of the recreational vehicle, but instead would fix the problems with the recreational vehicle under the warranty.

15.    Defendants did not repair the problems with the recreational vehicle.

16.    Defendants did not honor their warranties.

17.    Defendants have caused damages to Plaintiffs' recreational vehicle.

18.    Defendants are entitled to a full refund of the purchase price, plus additional damages available under Montana law.

19.    Plaintiffs' claims, as outlined below, are governed by Montana law.

## COUNT I
## Breach of Contract

20.    Plaintiffs re-allege Paragraphs 1-19 above.

21.    On October 19, 2015 Plaintiffs entered into a Retail Vehicle Purchase Contract wherein Defendants agreed to deliver to Plaintiffs a new recreational vehicle, free of defects, and free of any issues which would affect the use of the recreational vehicle in exchange for payment of $66,555.89.

22.    Plaintiffs paid Defendants the sum of $66,555.89 as required under the Retail Vehicle Purchase Contract.

23.    Defendants breached the contract by failing to deliver to Plaintiffs a new recreational vehicle free of defects, and free of any issues which would affect the use of the recreational vehicle.

24.    As a direct and proximate cause of Defendants' breach of contract, Plaintiffs are entitled to actual and consequential damages in amounts to be proven at trial.

## COUNT II
## Breach of Express Warranty

25.    Plaintiffs re-allege Paragraphs 1-24 above.

26.    On October 19, 2014 Plaintiffs entered into a Retail Vehicle Purchase Contract wherein Defendants agreed to deliver to Plaintiffs a new recreational

vehicle, free of defects, and free of any issues which would affect the use of the recreational vehicle in exchange for payment of $66,555.89.

27.     As part of the transaction, Defendants provided Plaintiffs with a written warranty.

28.     As stated above, Plaintiffs have advised Defendants of problems with the new recreational vehicle.

29.     The problems and issues disclosed by Plaintiffs to Defendants were warranty items.

30.     Defendants refused to honor their warranties, and refused to make the necessary repairs to Plaintiffs' recreational vehicle.

31.     As a direct and proximate cause of Defendants' breaches of their express warranties, Plaintiffs are entitled to actual and consequential damages in amounts to be proven at trial.

## COUNT III
## Breach of Implied Warranties

32.     Plaintiffs re-allege Paragraphs 1-31 above.

33.     At the time of contracting, Defendants knew there was a particular purpose for which the goods were required.

34.      At the time of contracting, Defendants knew that the Plaintiffs were

relying on Defendants knowledge, skill, and judgment to furnish suitable goods.

35.     Pursuant to Mont. Code Ann. § 30-2-215, there is an implied warranty that the goods would be fit for such purpose.

36.     Defendants did not deliver to Plaintiffs deliver to Plaintiffs a new recreational vehicle free of defects, and free of any issues which would affect the use of the recreational vehicle.

37.     Defendants have breached the implied warranty of fitness for a particular purpose.

38.     As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiffs have suffered damages in amounts to be proven at trial.

## COUNT IV
## Breach of the Implied Covenant of Good Faith and Fair Dealing

39.     Plaintiffs' re-allege Paragraphs 1-38 above.

40.     In every contract, there is an implied covenant of good faith and fair dealing.

41.     The standard for good faith and fair dealing is honesty in fact.

42.     On October 19, 2015 Plaintiffs entered into a Retail Vehicle Purchase Contract wherein Defendants agreed to deliver to Plaintiffs a new recreational

COMPLAINT, REQUEST FOR DECLARATORY
JUDGMENT, AND JURY DEMAND                                      P a g e | **6**

vehicle free of defects, and free of any issues which would affect the use of the recreational vehicle in exchange for payment of $66,555.89.

43.     Plaintiffs paid Defendants the sum of $66,555.89 as required under the Retail Vehicle Purchase Contract.

44.     Defendants breached the contract by failing to deliver to Plaintiffs a new recreational vehicle free of defects, and free of any issues which would affect the use of the recreational vehicle.

45.     Defendants have not exercised honesty in fact with Plaintiffs.

46.     Defendants have breached the implied covenant of good faith and fair dealing.

47.     As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages in amounts to be proven at trial.

## COUNT V
## Unfair Trade Practices/Consumer Protection Act

48.     Plaintiffs re-allege Paragraphs 1-47 above.

49.     On October 19, 2015 Plaintiffs entered into a Retail Vehicle Purchase Contract wherein Defendants agreed to deliver to Plaintiffs a new recreational vehicle, free of defects, and free of any issues which would affect the use of the

recreational vehicle in exchange for payment of $66,555.89.

50.     Plaintiffs are consumers as defined by Mont. Code Ann. § 30-14-102(1).

51.     The recreational vehicle purchased from Defendants by Plaintiffs was for personal, family, and household purposes.

52.     Plaintiffs paid Defendants the sum of $66,555.89 as required under the Retail Vehicle Purchase Contract.

53.     Defendants have breached the contract by failing to deliver to Plaintiffs a new recreational vehicle free of defects, and free of any issues which would affect the use of the recreational vehicle.

54.     Defendants have breached express and implied warranties.

55.     Defendants have engaged in unlawful trade practices as defined by Mont. Code Ann. § 30-14-103 of the Montana Consumer Protection Act, as well as the Montana Unfair Trade Practices Act.

56.     Plaintiffs have been damaged by Defendants' unfair trade practices in amounts to be proven at trial.

57.     Pursuant to Mont. Code Ann. § 30-14-133, Plaintiffs are entitled to treble damages.

58.     Pursuant to Mont. Code Ann. § 30-14-133, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs.

## COUNT VI
## Declaratory Judgment – Rescission

59.     Plaintiffs' re-allege Paragraphs 1-58 above.

60.     On October 19, 2015 Plaintiffs consented to enter into a Retail Vehicle Purchase Contract wherein Defendants agreed to deliver to Plaintiffs a new recreational vehicle, free of defects, and free of any issues which would affect the use of the recreational vehicle in exchange for payment of $66,555.89.

61.     Plaintiffs' consent to enter the contract was based on Defendants' material representations.

62.     Plaintiffs' consent to enter the contract was given by mistake, in that Plaintiffs believed Defendants would deliver to Plaintiffs a new recreational vehicle, free of defects, and free of any issues which would affect the use of the recreational vehicle in exchange for payment.

63.     Plaintiffs' consent to enter the contract was obtained through fraud:

(a)     Defendants made representations to Plaintiffs as to the condition of the recreational vehicle;

(b)     Defendants' representations were false;

(c)     Defendants' representations were material to Plaintiffs' decision to enter into a contract with Defendants;

(d)     Defendants were aware of the falsity of their representations or they were ignorant of the truth;

(e)     Defendants' intended that Plaintiffs rely on their representations;

(f)     Plaintiffs did not know that Defendants' were false;

(g)     Plaintiffs relied on Defendants' representations;

(h)     Plaintiffs had a right to rely on Defendants' representations;

(i)     Plaintiffs were consequently and proximately injured by their reliance on Defendants' false representations.

64.     The recreational vehicle delivered to Plaintiffs was not free of defects, and it was not free of any issues which would affect the use of the recreational vehicle.   Accordingly, the consideration for the contract has failed in full or in part.

65.     Pursuant to the Montana Declaratory Judgments Act, any party who has an interest in a contract is entitled to have their rights to that contract adjudicated by a Court of competent jurisdiction in a declaratory judgment.

66.     Plaintiffs are entitled to an order from this Court declaring, as a matter of law, that Plaintiffs are entitled to rescission.

67.     Plaintiffs are entitled to supplemental relief under the Montana Declaratory Judgments Act, including, but not limited to, recovery of attorneys' fees and costs.

## COUNT X
## Declaratory Judgment –Void Contract Provisions

68.     Plaintiff re-alleges Paragraphs 1-67 above.

69.     Pursuant to the Montana Declaratory Judgments Act, any party who has an interest in a contract is entitled to have their rights adjudicated by a Court of competent jurisdiction in a declaratory judgment.

70.     On October 19, 2015 Plaintiffs entered into a Retail Vehicle Purchase Contract wherein Defendants agreed to deliver to Plaintiffs a new recreational vehicle free of defects, and free of any issues which would affect the use of the recreational vehicle in exchange for payment of $66,555.89.

71.     The Retail Vehicle Purchase Contract states "Purchaser shall not be entitled, in any event, to recover, from dealer, any consequential damages of any kind of nature, damage from personal property, damages to property, damages to loss or use, loss of time, loss of profit, loss of income or any other incidental damages."

72.     This provision of the Retail Vehicle Purchase Contract is void under

COMPLAINT, REQUEST FOR DECLARATORY
JUDGMENT, AND JURY DEMAND                                  P a g e | 11

Mont. Code Ann. § 28-2-702 because it directly or indirectly attempts to exempt Defendants from responsibility for their own fraud, for willful injury to the person or property of another, or for violation of law, whether willful or negligent.

73.     This provision of the Retail Vehicle Purchase Contract is void under Mont. Code Ann. § 28-2-708 because it is an unlawful restriction upon Plaintiffs' ability to enforce their rights under the contract by the usual proceedings in the ordinary tribunals.

74.     Mont. Code Ann. § 30-2-715 specifically authorizes incidental and consequential damages as a remedy for the Plaintiffs.

75.     Plaintiffs are entitled to an order from this Court declaring as a matter of law that the contract provision which precludes Plaintiffs' recovery of damages, including incidental or consequential damages is void.

76.     Plaintiffs are entitled to supplemental relief under the Montana Declaratory Judgments Act, including, but not limited to, recovery of attorneys' fees and costs.

WHEREFORE, Plaintiffs request the following relief:

1.     Actual damages;

2.     Incidental, consequential, and/or perceived damages;

3.     Treble damages under the Montana Consumer Protection Act;

4.     Recovery of Plaintiffs' attorneys fees;

5.      Recover of all Plaintiffs' costs;

6.      Declaratory Judgment in the form of an order granting rescission of

the contract at issue in this case; and

7.      Any other relief this Court deems just and necessary.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

DATED this 19th day of June, 2015.

GANGLE LAW FIRM, PC.
*Attorneys for Plaintiffs*


By:  /s/ Cory R. Gangle___
Cory R. Gangle, Esq.

COMPLAINT, REQUEST FOR DECLARATORY
JUDGMENT, AND JURY DEMAND