P. Brad Condra, Esq.
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
(406) 728-1455
(406) 549-7077   fax
bcondra@bigskylawyers.com
    *Attorneys for Defendant*
    *Blue Dog RV, LLC*


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ROB LABAIR and HOLLY LABAIR, | ) | Cause No.  CV 15-73-M-DLC-JCL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | DEFENDANT BLUE DOG RV, |
| -vs- | ) | LLC'S ANSWER TO FIRST |
| | ) | AMENDED COMPLAINT AND |
| EVERGREEN RECREATIONAL | ) | REQUEST FOR DECLARATORY |
| VEHICLES, LLC and BLUE DOG RV, | ) | JUDGMENT AND JURY |
| LLC, | ) | DEMAND |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant Blue Dog RV, LLC, through its undersigned

counsel of record, and for its answer to Plaintiffs' First Amended Complaint and

Request for Declaratory Judgment states and alleges as follows:

1.      In answering the allegations of Paragraph 1 of Plaintiffs' Complaint, Defendant Blue Dog RV, LLC ("Blue Dog") is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

2.      In answering the allegations of Paragraph 2 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

3.      In answering the allegations of Paragraph 3 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

4.      In answering the allegations of Paragraph 4 of Plaintiffs' Complaint, Blue Dog admits certain Evergreen Recreational Vehicles, LLC products are sold within the state of Montana.  In answering the remaining allegations of Paragraph 4 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

5.      In answering the allegations of Paragraph 5 of Plaintiffs' Complaint, Blue Dog admits the same insofar as they reflect the public record on file with the Idaho Secretary of State.

6.      In answering the allegations of Paragraph 6 of Plaintiffs' Complaint, Blue Dog admits the same insofar as they reflect the public record on file with the Idaho Secretary of State.

7.      In answering the allegations of Paragraph 7 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

8.      In answering the allegations of Paragraph 8 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

9.      In answering the allegations of Paragraph 9 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 8 as if fully set forth herein.

10.      In answering the allegations of Paragraph 10 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 10 are denied subject to proof at trial.

11.      In answering the allegations of Paragraph 11 of Plaintiffs' Complaint, Blue Dog admits Evergreen manufactures recreational vehicles and further that

Evergreen manufactures a model known as the "Bay Hill."  In response to the remaining allegations of Paragraph 11, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

12.     In answering the allegations of Paragraph 12 of Plaintiffs' Complaint, Blue Dog admits Plaintiffs have made complaints regarding their recreational vehicle.  In answering the remaining allegations of Paragraph 12, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

13.     In answering the allegations of Paragraph 13 of Plaintiffs' Complaint, Blue Dog admits Plaintiffs expressed a desire to rescind the contract.  The remaining allegations of Paragraph 13 are denied subject to proof at trial.

14.     In answering the allegations of Paragraph 14 of Plaintiffs' Complaint, Blue Dog admits it and Evergreen offered to make repairs to the referenced recreational vehicle.  The remaining allegations of Paragraph 14 are denied subject to proof at trial.

15.     In answering the allegations of Paragraph 15 of Plaintiffs' Complaint, Blue Dog admits it and Evergreen offering to make repairs to the referenced

recreational vehicle and further that said offers were rejected by Plaintiffs.  The remaining allegations of Paragraph 15 are denied subject to proof at trial.

16.     In answering the allegations of Paragraph 16 of Plaintiffs' Complaint, Blue Dog admits it and Evergreen offered to make repairs to the referenced recreational vehicle and further that said offers were rejected by Plaintiffs.  The remaining allegations of Paragraph 16 are denied subject to proof at trial.

17.     In answering the allegations of Paragraph 17 of Plaintiffs' Complaint, Blue Dog denies the same.

18.     In answering the allegations of Paragraph 18 of Plaintiffs' Complaint, Blue Dog denies the same.

19.     In answering the allegations of Paragraph 19 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

20.     In answering the allegations of Paragraph 20 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 19 as if fully set forth herein.

21.     In answering the allegations of Paragraph 21 of Plaintiffs' Complaint, Blue Dog admits that said recreational vehicle was manufactured by Evergreen

and was supplied with a written limited warranty.  In answering the remaining allegations of Paragraph 21 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 21 are denied subject to proof at trial.

22.     In answering the allegations of Paragraph 22 of Plaintiffs' Complaint, Blue Dog denies the same.

23.     In answering the allegations of Paragraph 23 of Plaintiffs' Complaint, Blue Dog denies the same.

24.     In answering the allegations of Paragraph 24 of Plaintiffs' Complaint, Blue Dog denies the same.

25.     In answering the allegations of Paragraph 25 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     In answering the allegations of Paragraph 26 of Plaintiffs' Complaint, Blue Dog admits that said recreational vehicle was manufactured by Evergreen and was supplied with a written limited warranty.  In answering the remaining allegations of Paragraph 26 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 26 are denied subject to proof at trial.

27.     In answering the allegations of Paragraph 27 of Plaintiffs' Complaint, Blue Dog admits that said recreational vehicle was manufactured by Evergreen and was supplied with a written limited warranty.  In answering the remaining allegations of Paragraph 27 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 27 are denied subject to proof at trial.

28.     In answering the allegations of Paragraph 28 of Plaintiffs' Complaint, Blue Dog admits it and Evergreen offered to make repairs to the referenced recreational vehicle.  The remaining allegations of Paragraph 28 are denied subject to proof at trial.

29.     In answering the allegations of Paragraph 29 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

30.     In answering the allegations of Paragraph 30 of Plaintiffs' Complaint, Blue Dog denies the same.

31.     In answering the allegations of Paragraph 31 of Plaintiffs' Complaint, Blue Dog denies the same.

32.     In answering the allegations of Paragraph 32 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 31 as if fully set forth herein.

33.     In answering the allegations of Paragraph 33 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

34.     In answering the allegations of Paragraph 34 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

35.     In answering the allegations of Paragraph 35 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

36.     In answering the allegations of Paragraph 36 of Plaintiffs' Complaint, Blue Dog denies the same.

37.     In answering the allegations of Paragraph 37 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no

responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

38.    In answering the allegations of Paragraph 38 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

39.    In answering the allegations of Paragraph 39 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 38 as if fully set forth herein.

40.    In answering the allegations of Paragraph 40 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

41.    In answering the allegations of Paragraph 41 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

42.    In answering the allegations of Paragraph 42 of Plaintiffs' Complaint, Blue Dog admits that said recreational vehicle was manufactured by Evergreen

and was supplied with a written limited warranty.  In answering the remaining allegations of Paragraph 42 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 42 are denied subject to proof at trial.

43.     In answering the allegations of Paragraph 43 of Plaintiffs' Complaint, Blue Dog denies the same.

44.     In answering the allegations of Paragraph 44 of Plaintiffs' Complaint, Blue Dog denies the same.

45.     In answering the allegations of Paragraph 45 of Plaintiffs' Complaint, Blue Dog denies the same.

46.     In answering the allegations of Paragraph 46 of Plaintiffs' Complaint, Blue Dog denies the same.

47.     In answering the allegations of Paragraph 47 of Plaintiffs' Complaint, Blue Dog denies the same.

48.     In answering the allegations of Paragraph 48 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     In answering the allegations of Paragraph 49 of Plaintiffs' Complaint, Blue Dog admits that said recreational vehicle was manufactured by Evergreen

and was supplied with a written limited warranty.  In answering the remaining allegations of Paragraph 49 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 49 are denied subject to proof at trial.

50.    In answering the allegations of Paragraph 50 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

51.    In answering the allegations of Paragraph 51 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

52.    In answering the allegations of Paragraph 52 of Plaintiffs' Complaint, Blue Dog denies the same.

53.    In answering the allegations of Paragraph 53 of Plaintiffs' Complaint, Blue Dog denies the same.

54.    In answering the allegations of Paragraph 54 of Plaintiffs' Complaint, Blue Dog denies the same.

55.    In answering the allegations of Paragraph 55 of Plaintiffs' Complaint, Blue Dog denies the same.

56.     In answering the allegations of Paragraph 56 of Plaintiffs' Complaint, Blue Dog denies the same.

57.     In answering the allegations of Paragraph 57 of Plaintiffs' Complaint, Blue Dog denies the same.

58.     In answering the allegations of Paragraph 58 of Plaintiffs' Complaint, Blue Dog denies the same.

59.     In answering the allegations of Paragraph 59 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     In answering the allegations of Paragraph 60 of Plaintiffs' Complaint, Blue Dog admits that said recreational vehicle was manufactured by Evergreen and was supplied with a written limited warranty.  In answering the remaining allegations of Paragraph 60 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 60 are denied subject to proof at trial.

61.     In answering the allegations of Paragraph 61 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

62.     In answering the allegations of Paragraph 62 of Plaintiffs' Complaint, Blue Dog is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, generally denies the same.

63.     In answering the allegations of Paragraph 63 of Plaintiffs' Complaint, Blue Dog denies the same.

64.     In answering the allegations of Paragraph 64 of Plaintiffs' Complaint, Blue Dog denies the same.

65.     In answering the allegations of Paragraph 65 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

66.     In answering the allegations of Paragraph 66 of Plaintiffs' Complaint, Blue Dog denies the same.

67.     In answering the allegations of Paragraph 67 of Plaintiffs' Complaint, Blue Dog denies the same.

68.     In answering the allegations of Paragraph 68 of Plaintiffs' Complaint, Blue Dog reaffirms and re-alleges all responses contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     In answering the allegations of Paragraph 69 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

70.     In answering the allegations of Paragraph 70 of Plaintiffs' Complaint, Blue Dog admits that said recreational vehicle was manufactured by Evergreen and was supplied with a written limited warranty.  In answering the remaining allegations of Paragraph 70 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 70 are denied subject to proof at trial.

71.     In answering the allegations of Paragraph 71 of Plaintiffs' Complaint, Blue Dog states the agreement speaks for itself.  The remaining allegations of Paragraph 71 are denied subject to proof at trial.

72.     In answering the allegations of Paragraph 72 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

73.     In answering the allegations of Paragraph 73 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no

responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

74.    In answering the allegations of Paragraph 74 of Plaintiffs' Complaint, Blue Dog states that the allegations set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Blue Dog denies the same.

75.    In answering the allegations of Paragraph 75 of Plaintiffs' Complaint, Blue Dog denies the same.

76.    In answering the allegations of Paragraph 76 of Plaintiffs' Complaint, Blue Dog denies the same.

77.    Any allegations of Plaintiff's Complaint not otherwise specifically admitted or qualified, is denied.

## SECOND DEFENSE AND FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

## THIRD DEFENSE AND SECOND AFFIRMATIVE DEFENSE

Plaintiffs' injuries may have been caused or contributed to by one or more of the Plaintiffs' acts of commission or omission.  If this is found to be true at trial

by the finder of fact, Blue Dog is entitled to the benefits of Mont. Code Ann. §

27-1-702 et. seq.

## FOURTH DEFENSE AND THIRD AFFIRMATIVE DEFENSE

The damages set forth in Plaintiffs' Complaint, if any, were caused by the

negligent conduct of persons outside the control of Blue Dog.  To the extent

Plaintiffs' injuries were caused by persons or entities other than Blue Dog, Blue

Dog is entitled to the benefits of MCA § 27-1-701, *et seq.*  Blue Dog is entitled to

a *pro-tanto* offset to any judgment rendered against it in the amount paid by

settling defendants pursuant to Mont. Code Ann. § 27-1-308 or other collateral

sources.

## FIFTH DEFENSE AND FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, must be eliminated or reduced because of their

failure to mitigate damages.

## SIXTH DEFENSE AND FIFTH AFFIRMATIVE DEFENSE

Blue Dog contests Plaintiffs' claim of damages at this time.

## SEVENTH DEFENSE AND SIXTH AFFIRMATIVE DEFENSE

Plaintiffs claims and damages are governed by the Uniform Commercial

Code.

**EIGHTH DEFENSE AND SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred against this answering defendant due to lack of privity.

**REMAINING AFFIRMATIVE DEFENSES**

At this time, Defendant is not certain what other affirmative defenses may apply if this case goes to trial.  Discovery, trial preparation and the facts of the case may make additional affirmative defenses applicable and, thus, are hereby reserved by Defendant to avoid being waived.  If the applicability of additional affirmative defenses become known to Blue Dog, it reserves the right to Amend the Answer to include such affirmative defenses allowing the trier-of-fact the opportunity to consider all defenses that may apply.

WHEREFORE, Blue Dog prays:

1.      The Plaintiffs take nothing by their Amended Complaint;

2.      Defendant be awarded fees and costs of suit to the extent permitted by law; and

3.      Defendant be awarded such other and further relief as this Court deems just and proper.

DATED this 28th day of July, 2015.

By:___/s/ P.  Brad Condra_____
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
     *Attorneys for Blue Dog RV, LLC*


## JURY DEMAND

COMES NOW the Defendant Blue Dog RV, LLC and demands a jury trial

on all issues of fact in the above case.

DATED this 28th day of July, 2015.

By:___/s/ P.  Brad Condra_____
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
     *Attorneys for Blue Dog RV, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon the following individuals by the means designated below this 28th day of July, 2015:

| | |
|---|---|
| [X] CM/ECF | Cory R. Gangle |
| [ ] U.S. Mail | GANGLE LAW FIRM, PC |
| [ ] Email | PO Box 16356 |
| cory@ganglelaw.net | Missoula, MT   59808 |
| | *Attorney for Plaintiffs* |

/s/ P.  Brad Condra

L:\worldox\DOCS\CLIENTFL\13759\002\ANS\00598718.WPD

Blue Dog RV, LLC's Answer to First Amended Complaint and Request for Declaratory Judgment and Jury Demand
- Page 19